## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF TEXAS

## TYLER DIVISION

| | | |
|---|---|---|
| **STRAGENT, LLC**<br>**and SEESAW FOUNDATION,** | § | |
| | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | **Civil Action No. 6:11-CV-361** |
| **v.** | § | |
| | § | |
| **AUDI AG, VOLKSWAGEN GROUP OF** | § | |
| **AMERICA, INC., VOLKSWAGEN AG,** | § | |
| **BAYERISCHE MOTEREN WERKE** | § | |
| **AG,BMW OF NORTH AMERICA, LLC,** | § | **JURY TRIAL DEMANDED** |
| **BMW MANUFACTURING CO., LLC,** | § | |
| **MERCEDES-BENZ USA LLC,** | § | |
| **MERCEDES-BENZ US INTERNATIONAL,** | § | |
| **INC.,  NISSAN MOTOR CO., LTD., and** | § | |
| **NISSAN NORTH AMERICA, INC.,** | § | |
| | § | |
| *Defendants*. | § | |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

This is an action for patent infringement in which Plaintiffs Stragent, LLC ("Stragent") and SeeSaw Foundation ("SeeSaw") complain against Defendants Audi AG; Volkswagen Group of America, Inc. (also known as Audi of America, Inc.) and Volkswagen AG (collectively "VW"); Bayerische Moteren Werke AG, BMW of North America, LLC and BMW Manufacturing Co., LLC (collectively "BMW"); Mercedes-Benz USA LLC and Mercedes-Benz US International, Inc. (collectively "Mercedes-Benz"); and Nissan Motor Co., Ltd. and Nissan North America, Inc. (collectively "Nissan"), as follows:

## PARTIES

1.     Plaintiff Stragent is a Texas limited liability company having its principal place of business in Longview, Texas.

2.      Plaintiff SeeSaw is a Texas non-profit corporation intended to qualify as an entity exempt from income tax as an organization described in Internal Revenue Code section 501(c)(3) and as a supporting organization described in Internal Revenue Code section 509(a)(3)(B)(i) (a "Type 1 Supporting Organization") to SeeSaw Children's Place, a Texas non-profit corporation exempt from income tax under section 501(c)(3) of the Internal Revenue Code, having its principal place of business in Longview, Texas.

3.      Plaintiff SeeSaw is the owner by assignment of United States Patent No. 6,285,945 ("the '945 patent") entitled "Method and System for Controlling Vehicle Deceleration in an Adaptive Speed Control System Based on Vehicle Speed."  The '945 patent was duly and legally issued on September 4, 2001.  A true and correct copy of the '945 patent is attached as Exhibit A.

4.      Plaintiff SeeSaw is the owner by assignment of United States Patent No. 6,393,352 ("the '352 patent") entitled "Method and System for Controlling Vehicle Deceleration in an Adaptive Speed Control System Based on Vehicle Speed."  The '352 patent was duly and legally issued on May 21, 2002.  A true and correct copy of the '352 patent is attached as Exhibit B.

5.      Plaintiff SeeSaw is the owner by assignment of United States Patent No. 6,604,043 ("the '043 patent") entitled "Method and System for Controlling Vehicle Deceleration in an Adaptive Speed Control System Based on Vehicle Speed."  The '043 patent was duly and legally issued on August 5, 2003.  A true and correct copy of the '043 patent is attached as Exhibit C.

6.      Plaintiff Stragent is the exclusive licensee of the '945 patent, the '352 patent, and the '043 patent (collectively "the Patents-in-Suit"), having an exclusive, worldwide, transferable,

retroactive and prospective license ("the License") under the Patents-in-Suit, with the right to sublicense others, to (i) make, have made, use, sell, offer to sell, import and lease any products, (ii) use and perform any method, process, and/or services, and (iii) otherwise practice any invention in any manner, such that Stragent has full right to enforce and/or sublicense the Patents-in-Suit without any restriction, subject to certain encumbrances.  Stragent further has the exclusive right under the License to maintain, enforce, or defend the Patents-in-Suit, including without limitation pursuing and collecting damages, royalties, and other payments and obtaining injunctive relief and other remedies for past, current and future infringement of the Patents-in-Suit and pursuing and entering into any settlement related to a claim of infringement.

7.      On information and belief, Defendant Audi AG is a German corporation having its principal place of business in Ingolstadt, Germany.

8.      On information and belief, Defendant Volkswagen Group of America, Inc. is a New Jersey corporation having its principal place of business in Herndon, Virginia.

9.      On information and belief, Defendant Volkswagen AG is a German corporation having its principal place of business in Wolfsburg, Germany.

10.      On information and belief, Defendant Audi AG is a 99.55% owned subsidiary of Defendant Volkswagen AG.

11.      On information and belief, Defendant Volkswagen Group of America, Inc. is a wholly owned subsidiary of Defendant Volkswagen AG.

12.      On information and belief, Defendant Bayerische Motoren Werke AG is a German corporation having its principal place of business in Munich, Germany.

13.     On information and belief, Defendant BMW of North America, LLC is a Delaware limited liability company having its principal place of business in Woodcliff Lake, New Jersey.

14.     On information and belief, Defendant BMW Manufacturing Co., LLC is a Delaware limited liability company having its principal place of business in Greer, South Carolina.

15.     On information and belief, Defendants BMW of North America, LLC and BMW Manufacturing Co., LLC are each a wholly owned subsidiary of BMW (US) Holding Corp., which is a wholly owned subsidiary of Defendant Bayerische Motoren Werke AG.

16.     On information and belief, Defendant Mercedes-Benz USA, LLC is a Delaware limited liability company having its principal place of business in Montvale, New Jersey.

17.     On information and belief, Defendant Mercedes-Benz U.S. International, Inc. is an Alabama corporation having its principal place of business in Vance, Alabama.

18.     On information and belief, Defendant Nissan Motor Co., Ltd. is a Japanese corporation having its principal place of business in Kanagawa, Japan.

19.     On information and belief, Defendant Nissan North America, Inc. is a California corporation having its principal place of business in Franklin, Tennessee.

20.     On information and belief, Defendant Nissan North America, Inc. is a subsidiary of Defendant Nissan Motor Co., Ltd.

## JURISDICTION AND VENUE

21.     This action arises under the patent laws of the United States, Title 35 of the United States Code.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

22.     Venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b).   On information and belief, each Defendant has transacted business in this district and has committed and/or induced and/or contributed to acts of patent infringement in this district.

23.     On information and belief, Defendants are subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to their substantial business in this forum, directly or through intermediaries, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 6,285,945

24.     On information and belief, Defendants VW and Audi AG have been and now are directly infringing the '945 patent in the State of Texas, in this judicial district, and elsewhere in the United States.   VW and Audi AG's direct infringements include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, vehicles that include adaptive cruise control systems that will bring a vehicle to a complete stop or vary the speed of a vehicle in stop and go traffic, including the Adaptive Cruise Control with Stop & Go system (as implemented or offered in at least the 2012 Audi A6, the 2011 to 2012 Audi A7, and the 2009 to 2011 Audi Q7), which infringe at least claims 1-4 and 8-11 of the '945 patent.   VW and Audi AG are thus liable for infringement of the '945 patent pursuant to 35 U.S.C. § 271(a).

25.     On information and belief, VW and Audi AG have had knowledge of the '945 patent since at least the date each was served with the Original Complaint in *Stragent LLC v. Audi AG*, No. 6:10-CV-227 (E.D. Tex. April 29, 2010).

26.     On information and belief, at least since service of the Original Complaint in *Stragent LLC v. Audi AG*, No. 6:10-CV-227 (E.D. Tex. April 29, 2010), Defendants VW and Audi AG have been and now are actively inducing infringement of the '945 patent in the State of Texas, in this judicial district, and elsewhere in the United States.   VW and Audi AG's inducements include, without limitation and with specific intent to encourage the infringement, knowingly inducing vehicle purchasers and/or drivers to use adaptive cruise control systems that will bring a vehicle to a complete stop or vary the speed of a vehicle in stop and go traffic, including the Adaptive Cruise Control with Stop & Go system (as implemented in at least the 2012 Audi A6, the 2011 to 2012 Audi A7, and the 2009 to 2011 Audi Q7), which use of such systems VW and Audi AG know infringes at least claims 1-4 of the '945 patent.   VW and Audi AG are thus liable for infringement of the '945 patent pursuant to 35 U.S.C. § 271(b).

27.     On information and belief, at least since service of the Original Complaint in *Stragent LLC v. Audi AG*, No. 6:10-CV-227 (E.D. Tex. April 29, 2010), Defendants VW and Audi AG have been and now are contributing to infringement of the '945 patent in the State of Texas, in this judicial district, and elsewhere in the United States.   VW and Audi AG's contributions include, without limitation, offering to sell and/or selling within the Unites States, and/or importing into the United States, one or more materials or apparatuses forming adaptive cruise control systems that will bring a vehicle to a complete stop or vary the speed of a vehicle in stop and go traffic, including the Adaptive Cruise Control with Stop & Go system (as implemented or offered in at least the 2012 Audi A6, the 2011 to 2012 Audi A7, and the 2009 to 2011 Audi Q7), for use in practicing the invention recited in a least claims 1-4 of the '945 patent, each of which materials and apparatuses constitutes a material part of the invention, knowing such materials and apparatuses to be especially made or especially adapted for use in an

infringement of the '945 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.  VW and Audi AG are thus liable for infringement of the '945 patent pursuant to 35 U.S.C. § 271(c).

28.     On information and belief, at least since service of the Original Complaint in *Stragent LLC v. Audi AG*, No. 6:10-CV-227 (E.D. Tex. April 29, 2010), VW and Audi AG's infringement of at least claims 1-4 and 8-11 of the '945 patent is and has been willful and deliberate, making this an exceptional case and entitling Plaintiffs to enhanced damages, reasonable attorney fees and costs.

29.     On information and belief, Defendant VW has been and now is further directly infringing the '945 patent in the State of Texas, in this judicial district, and elsewhere in the United States.  VW's further direct infringements include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, vehicles that include an adaptive cruise control system that will bring a vehicle to a complete stop or vary the speed of a vehicle in stop and go traffic (as implemented or offered in at least the 2009 VW Passat CC and the 2008 to 2009 VW Touareg), which infringe at least claims 1-4 and 8-11 of the '945 patent.  VW is thus liable for infringement of the '945 patent pursuant to 35 U.S.C. § 271(a).

30.     On information and belief, VW has had knowledge of the '945 patent since at least the date it was served with the Original Complaint in *Stragent LLC v. Audi AG*, No. 6:10-CV-227 (E.D. Tex. April 29, 2010).

31.     On information and belief, at least since service of the Original Complaint in *Stragent LLC v. Audi AG*, No. 6:10-CV-227 (E.D. Tex. April 29, 2010), Defendant VW has been and now is actively inducing infringement of the '945 patent in the State of Texas, in this judicial

district, and elsewhere in the United States.  VW's inducements include, without limitation and with specific intent to encourage the infringement, knowingly inducing vehicle purchasers and/or drivers to use adaptive cruise control systems that will bring a vehicle to a complete stop or vary the speed of a vehicle in stop and go traffic (as implemented in at least the 2009 VW Passat CC and the 2008 to 2009 VW Touareg), which use of such systems VW knows infringes at least claims 1-4 of the '945 patent.  VW is thus liable for infringement of the '945 patent pursuant to 35 U.S.C. § 271(b).

32.     On information and belief, at least since service of the Original Complaint in *Stragent LLC v. Audi AG*, No. 6:10-CV-227 (E.D. Tex. April 29, 2010), Defendant VW has been and now is contributing to infringement of the '945 patent in the State of Texas, in this judicial district, and elsewhere in the United States.  VW's contributions include, without limitation, offering to sell and/or selling within the Unites States, and/or importing into the United States, one or more materials or apparatuses forming adaptive cruise control systems that will bring a vehicle to a complete stop or vary the speed of a vehicle in stop and go traffic (as implemented in at least the 2009 VW Passat CC and the 2008 to 2009 VW Touareg), for use in practicing the invention recited in a least claims 1-4 of the '945 patent, each of which materials and apparatuses constitutes a material part of the invention, knowing such materials and apparatuses to be especially made or especially adapted for use in an infringement of the '945 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.  VW is thus liable for infringement of the '945 patent pursuant to 35 U.S.C. § 271(c).

33.     On information and belief, at least since service of the Original Complaint in *Stragent LLC v. Audi AG*, No. 6:10-CV-227 (E.D. Tex. April 29, 2010), VW's infringement of at

least claims 1-4 and 8-11 of the '945 patent is and has been willful and deliberate, making this an exceptional case and entitling Plaintiffs to enhanced damages, reasonable attorney fees and costs.

34.     On information and belief, Defendant BMW has been and now is directly infringing the '945 patent in the State of Texas, in this judicial district, and elsewhere in the United States.  BMW's direct infringements include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, vehicles that include adaptive cruise control systems that will bring a vehicle to a complete stop or vary the speed of a vehicle in stop and go traffic, including the Adaptive Cruise Control with Stop & Go function (as implemented or offered in at least the 2011 BMW 5 Series Sedan, 5 Series Touring, 6 Series Coupe, 6 Series Convertible, and 7 Series Sedan; the 2010 BMW 7 Series Sedan and 5 Series Gran Turismo; and the 2009 BMW 7 Series Sedan), which infringe at least claims 1-4 and 8-11 of the'945 patent.  BMW is thus liable for infringement of the '945 patent pursuant to 35 U.S.C. § 271(a).

35.     On information and belief, BMW has had knowledge of the '945 patent since at least the date it was served with the Original Complaint in *Stragent LLC v. Audi AG*, No. 6:10-CV-227 (E.D. Tex. April 29, 2010).

36.     On information and belief, at least since service of the Original Complaint in *Stragent LLC v. Audi AG*, No. 6:10-CV-227 (E.D. Tex. April 29, 2010), Defendant BMW has been and now is actively inducing infringement of the '945 patent in the State of Texas, in this judicial district, and elsewhere in the United States.  BMW's inducements include, without limitation and with specific intent to encourage the infringement, knowingly inducing vehicle purchasers and/or drivers to use adaptive cruise control systems that will bring a vehicle to a complete stop or vary the speed of a vehicle in stop and go traffic, including the Adaptive Cruise

Control with Stop & Go function (as implemented or offered in at least the 2011 BMW 5 Series Sedan, 5 Series Touring, 6 Series Coupe, 6 Series Convertible, and 7 Series Sedan; the 2010 BMW 7 Series Sedan and 5 Series Gran Turismo; and the 2009 BMW 7 Series Sedan), which use of such systems BMW knows infringes at least claims 1-4 of the '945 patent.  BMW is thus liable for infringement of the '945 patent pursuant to 35 U.S.C. § 271(b).

37.     On information and belief, at least since service of the Original Complaint in *Stragent LLC v. Audi AG*, No. 6:10-CV-227 (E.D. Tex. April 29, 2010), Defendant BMW has been and now is contributing to infringement of the '945 patent in the State of Texas, in this judicial district, and elsewhere in the United States.  BMW's contributions include, without limitation, offering to sell and/or selling within the Unites States, and/or importing into the United States, one or more materials or apparatuses forming adaptive cruise control systems that will bring a vehicle to a complete stop or vary the speed of a vehicle in stop and go traffic, including the Adaptive Cruise Control with Stop & Go function (as implemented or offered in at least the 2011 BMW 5 Series Sedan, 5 Series Touring, 6 Series Coupe, 6 Series Convertible, and 7 Series Sedan; the 2010 BMW 7 Series Sedan and 5 Series Gran Turismo; and the 2009 BMW 7 Series Sedan), for use in practicing the invention recited in a least claims 1-4 of the '945 patent, each of which materials and apparatuses constitutes a material part of the invention, knowing such materials and apparatuses to be especially made or especially adapted for use in an infringement of the '945 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.  BMW is thus liable for infringement of the '945 patent pursuant to 35 U.S.C. § 271(c).

38.     On information and belief, at least since service of the Original Complaint in *Stragent LLC v. Audi AG*, No. 6:10-CV-227 (E.D. Tex. April 29, 2010), BMW's infringement of

at least claims 1-4 and 8-11 of the '945 patent is and has been willful and deliberate, making this an exceptional case and entitling Plaintiffs to enhanced damages, reasonable attorney fees and costs.

39.     On information and belief, Defendant Mercedes-Benz has been and now is directly infringing the '945 patent in the State of Texas, in this judicial district, and elsewhere in the United States. Mercedes-Benz's direct infringements include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, vehicles that include adaptive cruise control systems that will bring a vehicle to a complete stop or vary the speed of a vehicle in stop and go traffic, including the Distronic Plus adaptive cruise control system (as implemented or offered in at least the 2011 Mercedes-Benz E350 Sedan, E350 BlueTEC Sedan, E550 Sedan, E350 Coupe, E550 Coupe, E350 Cabriolet, E550 Cabriolet, E350 4MATIC Wagon, S400 Hybrid Sedan, S550 Sedan, S600 Sedan, CL550 Coupe, and CL600 Coupe; the 2010 Mercedes-Benz E350 Sedan, E550 Sedan, E350 Coupe, E550 Coupe, S400 Sedan, S400 Hybrid Sedan, S550 Sedan, S600 Sedan, CL550 Coupe, and CL600 Coupe; the 2009 Mercedes-Benz S550 Sedan, S550 4MATIC Sedan, CL550 Coupe, and CL600 Coupe; the 2008 Mercedes-Benz S550 4MATIC Sedan, S550 Sedan, S600 Sedan, CL550 Coupe, and CL600 Coupe; and the 2007 Mercedes-Benz S550 4MATIC Sedan, S600 Sedan, CL550 Coupe, and CL600 Coupe), which infringe at least claims 1-4 and 8-11 of the '945 patent.  Mercedes-Benz is thus liable for infringement of the '945 patent pursuant to 35 U.S.C. § 271(a).

40.     On information and belief, Mercedes-Benz has had knowledge of the '945 patent since at least the date it was served with the Original Complaint in *Stragent LLC v. Audi AG*, No. 6:10-CV-227 (E.D. Tex. April 29, 2010).

41.     On information and belief, at least since service of the Original Complaint in *Stragent LLC v. Audi AG*, No. 6:10-CV-227 (E.D. Tex. April 29, 2010), Defendant Mercedes-Benz has been and now is actively inducing infringement of the '945 patent in the State of Texas, in this judicial district, and elsewhere in the United States.   Mercedes-Benz's inducements include, without limitation and with specific intent to encourage the infringement, knowingly inducing vehicle purchasers and/or drivers to use adaptive cruise control systems that will bring a vehicle to a complete stop or vary the speed of a vehicle in stop and go traffic, including the Distronic Plus adaptive cruise control system (as implemented in at least the 2011 Mercedes-Benz E350 Sedan, E350 BlueTEC Sedan, E550 Sedan, E350 Coupe, E550 Coupe, E350 Cabriolet, E550 Cabriolet, E350 4MATIC Wagon, S400 Hybrid Sedan, S550 Sedan, S600 Sedan, CL550 Coupe, and CL600 Coupe; the 2010 Mercedes-Benz E350 Sedan, E550 Sedan, E350 Coupe, E550 Coupe, S400 Sedan, S400 Hybrid Sedan, S550 Sedan, S600 Sedan, CL550 Coupe, and CL600 Coupe; the 2009 Mercedes-Benz S550 Sedan, S550 4MATIC Sedan, CL550 Coupe, and CL600 Coupe; the 2008 Mercedes-Benz S550 4MATIC Sedan, S550 Sedan, S600 Sedan, CL550 Coupe, and CL600 Coupe; and the 2007 Mercedes-Benz S550 4MATIC Sedan, S600 Sedan, CL550 Coupe, and CL600 Coupe), which use of such systems Mercedes-Benz knows infringes at least claims 1-4 of the '945 patent.   Mercedes-Benz is thus liable for infringement of the '945 patent pursuant to 35 U.S.C. § 271(b).

42.     On information and belief, at least since service of the Original Complaint in *Stragent LLC v. Audi AG*, No. 6:10-CV-227 (E.D. Tex. April 29, 2010), Defendant Mercedes-Benz has been and now is contributing to infringement of the '945 patent in the State of Texas, in this judicial district, and elsewhere in the United States.   Mercedes-Benz's contributions include, without limitation, offering to sell and/or selling within the Unites States, and/or

importing into the United States, one or more materials or apparatuses forming adaptive cruise control systems that will bring a vehicle to a complete stop or vary the speed of a vehicle in stop and go traffic, including the Distronic Plus adaptive cruise control system (as implemented in at least the 2011 Mercedes-Benz E350 Sedan, E350 BlueTEC Sedan, E550 Sedan, E350 Coupe, E550 Coupe, E350 Cabriolet, E550 Cabriolet, E350 4MATIC Wagon, S400 Hybrid Sedan, S550 Sedan, S600 Sedan, CL550 Coupe, and CL600 Coupe; the 2010 Mercedes-Benz E350 Sedan, E550 Sedan, E350 Coupe, E550 Coupe, S400 Sedan, S400 Hybrid Sedan, S550 Sedan, S600 Sedan, CL550 Coupe, and CL600 Coupe; the 2009 Mercedes-Benz S550 Sedan, S550 4MATIC Sedan, CL550 Coupe, and CL600 Coupe; the 2008 Mercedes-Benz S550 4MATIC Sedan, S550 Sedan, S600 Sedan, CL550 Coupe, and CL600 Coupe; and the 2007 Mercedes-Benz S550 4MATIC Sedan, S600 Sedan, CL550 Coupe, and CL600 Coupe), for use in practicing the invention recited in a least claims 1-4 of the '945 patent, each of which materials and apparatuses constitutes a material part of the invention, knowing such materials and apparatuses to be especially made or especially adapted for use in an infringement of the '945 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.  Mercedes-Benz is thus liable for infringement of the '945 patent pursuant to 35 U.S.C. § 271(c).

43.     On information and belief, at least since service of the Original Complaint in *Stragent LLC v. Audi AG*, No. 6:10-CV-227 (E.D. Tex. April 29, 2010), Mercedes-Benz's infringement of at least claims 1-4 and 8-11 of the '945 patent is and has been willful and deliberate, making this an exceptional case and entitling Plaintiffs to enhanced damages, reasonable attorney fees and costs.

44.     On information and belief, Defendant Nissan has been and now is directly infringing the '945 patent in the State of Texas, in this judicial district, and elsewhere in the

United States.  Nissan's direct infringements include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States vehicles that include adaptive cruise control systems that will bring a vehicle to a complete stop or vary the speed of a vehicle in stop and go traffic, including the Intelligent Cruise Control system and the Distance Control Assist system (as implemented or offered in at least the 2009 to 2010 Infinity FX35 / FX50, the 2011 Infinity FX, the 2009 to 2011 Infinity EX35, the 2011 to 2012 Infinity M (including M37 / M56), and the 2011 Infinity QX), which infringe at least claims 1-4 and 8-11 of the '945 patent.  Nissan is thus liable for infringement of the '945 patent pursuant to 35 U.S.C. § 271(a).

45.     On information and belief, Nissan has had knowledge of the '945 patent since at least the date it was served with the Original Complaint in *Stragent LLC v. Audi AG*, No. 6:10-CV-227 (E.D. Tex. April 29, 2010).

46.     On information and belief, at least since service of the Original Complaint in *Stragent LLC v. Audi AG*, No. 6:10-CV-227 (E.D. Tex. April 29, 2010), Defendant Nissan has been and now is actively inducing infringement of the '945 patent in the State of Texas, in this judicial district, and elsewhere in the United States.  Nissan's inducements include, without limitation and with specific intent to encourage the infringement, knowingly inducing vehicle purchasers and/or drivers to use  adaptive cruise control systems that will bring a vehicle to a complete stop or vary the speed of a vehicle in stop and go traffic, including the Intelligent Cruise Control system and the Distance Control Assist system (as implemented in at least the 2009 to 2010 Infinity FX35 / FX50, the 2011 Infinity FX, the 2009 to 2011 Infinity EX35, the 2011 to 2012 Infinity M (including M37 / M56), and the 2011 Infinity QX), which use of such

systems Nissan knows infringes at least claims 1-4 of the '945 patent.  Nissan is thus liable for infringement of the '945 patent pursuant to 35 U.S.C. § 271(b).

47.    On information and belief, at least since service of the Original Complaint in *Stragent LLC v. Audi AG*, No. 6:10-CV-227 (E.D. Tex. April 29, 2010), Defendant Nissan has been and now is contributing to infringement of the '945 patent in the State of Texas, in this judicial district, and elsewhere in the United States.  Nissan's contributions include, without limitation, offering to sell and/or selling within the Unites States, and/or importing into the United States, one or more materials or apparatuses forming adaptive cruise control systems that will bring a vehicle to a complete stop or vary the speed of a vehicle in stop and go traffic, including the Intelligent Cruise Control system and the Distance Control Assist system (as implemented in at least the 2009 to 2010 Infinity FX35 / FX50, the 2011 Infinity FX, the 2009 to 2011 Infinity EX35, the 2011 to 2012 Infinity M (including M37 / M56), and the 2011 Infinity QX), for use in practicing the invention recited in a least claims 1-4 of the '945 patent, each of which materials and apparatuses constitutes a material part of the invention, knowing such materials and apparatuses to be especially made or especially adapted for use in an infringement of the '945 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.  Nissan is thus liable for infringement of the '945 patent pursuant to 35 U.S.C. § 271(c).

48.    On information and belief, at least since service of the Original Complaint in *Stragent LLC v. Audi AG*, No. 6:10-CV-227 (E.D. Tex. April 29, 2010), Nissan's infringement of at least claims 1-4 and 8-11 of the '945 patent is and has been willful and deliberate, making this an exceptional case and entitling Plaintiffs to enhanced damages, reasonable attorney fees and costs.

49.     As a result of Defendants' infringement of the '945 patent, Plaintiffs have suffered monetary damages that are adequate to compensate them for the infringement under 35 U.S.C. § 284, but in no event less than a reasonable royalty.

## COUNT II
## INFRINGEMENT OF U.S. PATENT NO. 6,393,352

50.     On information and belief, Defendants VW and Audi AG have been and now are directly infringing the '352 patent in the State of Texas, in this judicial district, and elsewhere in the United States. VW and Audi AG's direct infringements include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, vehicles that include adaptive cruise control systems that will bring a vehicle to a complete stop or vary the speed of a vehicle in stop and go traffic, including the Adaptive Cruise Control with Stop & Go system (as implemented or offered in at least the 2012 Audi A6, the 2011 to 2012 Audi A7, and the 2009 to 2011 Audi Q7), which infringe at least claims 1-3 and 7-9 of the '352 patent.  VW and Audi AG are thus liable for infringement of the '352 patent pursuant to 35 U.S.C. § 271(a).

51.     On information and belief, VW and Audi AG have had knowledge of the '352 patent since at least the date each was served with the Original Complaint in *Stragent LLC v. Audi AG*, No. 6:10-CV-227 (E.D. Tex. April 29, 2010).

52.     On information and belief, at least since service of the Original Complaint in *Stragent LLC v. Audi AG*, No. 6:10-CV-227 (E.D. Tex. April 29, 2010), Defendants VW and Audi AG have been and now are actively inducing infringement of the '352 patent in the State of Texas, in this judicial district, and elsewhere in the United States.  VW and Audi AG's inducements include, without limitation and with specific intent to encourage the infringement, knowingly inducing vehicle purchasers and/or drivers to use adaptive cruise control systems that

will bring a vehicle to a complete stop or vary the speed of a vehicle in stop and go traffic, including the Adaptive Cruise Control with Stop & Go system (as implemented in at least the 2012 Audi A6, the 2011 to 2012 Audi A7, and the 2009 to 2011 Audi Q7), which use of such systems VW and Audi AG know infringes at least claims 1-3 of the '352 patent.  VW and Audi AG are thus liable for infringement of the '352 patent pursuant to 35 U.S.C. § 271(b).

53.   On information and belief, at least since service of the Original Complaint in *Stragent LLC v. Audi AG*, No. 6:10-CV-227 (E.D. Tex. April 29, 2010), Defendants VW and Audi AG have been and now are contributing to infringement of the '352 patent in the State of Texas, in this judicial district, and elsewhere in the United States.   VW and Audi AG's contributions include, without limitation, offering to sell and/or selling within the Unites States, and/or importing into the United States, one or more materials or apparatuses forming adaptive cruise control systems that will bring a vehicle to a complete stop or vary the speed of a vehicle in stop and go traffic, including the Adaptive Cruise Control with Stop & Go system (as implemented or offered in at least the 2012 Audi A6, the 2011 to 2012 Audi A7, and the 2009 to 2011 Audi Q7), for use in practicing the invention recited in a least claims 1-3 of the '352 patent, each of which materials and apparatuses constitutes a material part of the invention, knowing such materials and apparatuses to be especially made or especially adapted for use in an infringement of the '352 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.  VW and Audi AG are thus liable for infringement of the '352 patent pursuant to 35 U.S.C. § 271(c).

54.   On information and belief, at least since service of the Original Complaint in *Stragent LLC v. Audi AG*, No. 6:10-CV-227 (E.D. Tex. April 29, 2010), VW and Audi AG's infringement of at least claims 1-3 and 7-9 of the '352 patent is and has been willful and

deliberate, making this an exceptional case and entitling Plaintiffs to enhanced damages, reasonable attorney fees and costs.

55.     On information and belief, Defendant VW has been and now is further directly infringing the '352 patent in the State of Texas, in this judicial district, and elsewhere in the United States. VW's further direct infringements include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, vehicles that include adaptive cruise control systems that will bring a vehicle to a complete stop or vary the speed of a vehicle in stop and go traffic (as implemented or offered in at least the 2009 VW Passat CC and the 2008 to 2009 VW Touareg), which infringe at least claims 1-3 and 7-9 of the '352 patent.  VW is thus liable for infringement of the '352 patent pursuant to 35 U.S.C. § 271(a).

56.     On information and belief, VW has had knowledge of the '352 patent since at least the date it was served with the Original Complaint in *Stragent LLC v. Audi AG*, No. 6:10-CV-227 (E.D. Tex. April 29, 2010).

57.     On information and belief, at least since service of the Original Complaint in *Stragent LLC v. Audi AG*, No. 6:10-CV-227 (E.D. Tex. April 29, 2010), Defendant VW has been and now is actively inducing infringement of the '352 patent in the State of Texas, in this judicial district, and elsewhere in the United States.  VW's inducements include, without limitation and with specific intent to encourage the infringement, knowingly inducing vehicle purchasers and/or drivers to use adaptive cruise control systems that will bring a vehicle to a complete stop or vary the speed of a vehicle in stop and go traffic (as implemented in at least the 2009 VW Passat CC and the 2008 to 2009 VW Touareg), which use of such systems VW knows infringes at least

claims 1-3 of the '352 patent.  VW is thus liable for infringement of the '352 patent pursuant to 35 U.S.C. § 271(b).

58.     On information and belief, at least since service of the Original Complaint in *Stragent LLC v. Audi AG*, No. 6:10-CV-227 (E.D. Tex. April 29, 2010), Defendant VW has been and now is contributing to infringement of the '352 patent in the State of Texas, in this judicial district, and elsewhere in the United States.   VW's contributions include, without limitation, offering to sell and/or selling within the Unites States, and/or importing into the United States, one or more materials or apparatuses forming adaptive cruise control systems that will bring a vehicle to a complete stop or vary the speed of a vehicle in stop and go traffic (as implemented in at least the 2009 VW Passat CC and the 2008 to 2009 VW Touareg), for use in practicing the invention recited in a least claims 1-3 of the '352 patent, each of which materials and apparatuses constitutes a material part of the invention, knowing such materials and apparatuses to be especially made or especially adapted for use in an infringement of the '352 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.  VW is thus liable for infringement of the '352 patent pursuant to 35 U.S.C. § 271(c).

59.     On information and belief, at least since service of the Original Complaint in *Stragent LLC v. Audi AG*, No. 6:10-CV-227 (E.D. Tex. April 29, 2010), VW's infringement of at least claims 1-3 and 7-9 of the '352 patent is and has been willful and deliberate, making this an exceptional case and entitling Plaintiffs to enhanced damages, reasonable attorney fees and costs.

60.     On information and belief, Defendant BMW has been and now is directly infringing the '352 patent in the State of Texas, in this judicial district, and elsewhere in the United States.  BMW's direct infringements include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, vehicles

that include adaptive cruise control systems that will bring a vehicle to a complete stop or vary the speed of a vehicle in stop and go traffic, including the Adaptive Cruise Control with Stop & Go function (as implemented or offered in at least the 2011 BMW 5 Series Sedan, 5 Series Touring, 6 Series Coupe, 6 Series Convertible, and 7 Series Sedan; the 2010 BMW 7 Series Sedan and 5 Series Gran Turismo; and the 2009 BMW 7 Series Sedan), which infringe at least claims 1-3 and 7-9 of the '352 patent.  BMW is thus liable for infringement of the '352 patent pursuant to 35 U.S.C. § 271(a).

61.     On information and belief, BMW has had knowledge of the '352 patent since at least the date it was served with the Original Complaint in *Stragent LLC v. Audi AG*, No. 6:10-CV-227 (E.D. Tex. April 29, 2010).

62.     On information and belief, at least since service of the Original Complaint in *Stragent LLC v. Audi AG*, No. 6:10-CV-227 (E.D. Tex. April 29, 2010), Defendant BMW has been and now is actively inducing infringement of the '352 patent in the State of Texas, in this judicial district, and elsewhere in the United States.  BMW's inducements include, without limitation and with specific intent to encourage the infringement, knowingly inducing vehicle purchasers and/or drivers to use adaptive cruise control systems that will bring a vehicle to a complete stop or vary the speed of a vehicle in stop and go traffic, including the Adaptive Cruise Control with Stop & Go function (as implemented in at least the 2011 BMW 5 Series Sedan, 5 Series Touring, 6 Series Coupe, 6 Series Convertible, and 7 Series Sedan; the 2010 BMW 7 Series Sedan and 5 Series Gran Turismo; and the 2009 BMW 7 Series Sedan), which use of such systems BMW knows infringes at least claims 1-3 of the '352 patent.  BMW is thus liable for infringement of the '352 patent pursuant to 35 U.S.C. § 271(b).

63.     On information and belief, at least since service of the Original Complaint in *Stragent LLC v. Audi AG*, No. 6:10-CV-227 (E.D. Tex. April 29, 2010), Defendant BMW has been and now is contributing to infringement of the '352 patent in the State of Texas, in this judicial district, and elsewhere in the United States.  BMW's contributions include, without limitation, offering to sell and/or selling within the Unites States, and/or importing into the United States, one or more materials or apparatuses forming adaptive cruise control systems that will bring a vehicle to a complete stop or vary the speed of a vehicle in stop and go traffic, including the Adaptive Cruise Control with Stop & Go function (as implemented or offered in at least the 2011 BMW 5 Series Sedan, 5 Series Touring, 6 Series Coupe, 6 Series Convertible, and 7 Series Sedan; the 2010 BMW 7 Series Sedan and 5 Series Gran Turismo; and the 2009 BMW 7 Series Sedan), for use in practicing the invention recited in a least claims 1-3 of the '352 patent, each of which materials and apparatuses constitutes a material part of the invention, knowing such materials and apparatuses to be especially made or especially adapted for use in an infringement of the '352 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.  BMW is thus liable for infringement of the '352 patent pursuant to 35 U.S.C. § 271(c).

64.     On information and belief, at least since service of the Original Complaint in *Stragent LLC v. Audi AG*, No. 6:10-CV-227 (E.D. Tex. April 29, 2010), BMW's infringement of at least claims 1-3 and 7-9 of the '352 patent is and has been willful and deliberate, making this an exceptional case and entitling Plaintiffs to enhanced damages, reasonable attorney fees and costs.

65.     On information and belief, Defendant Mercedes-Benz has been and now is directly infringing the '352 patent in the State of Texas, in this judicial district, and elsewhere in

the United States.  Mercedes-Benz's direct infringements include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, vehicles that include adaptive cruise control systems that will bring a vehicle to a complete stop or vary the speed of a vehicle in stop and go traffic, including the Distronic Plus adaptive cruise control system (as implemented or offered in at least the 2011 Mercedes-Benz E350 Sedan, E350 BlueTEC Sedan, E550 Sedan, E350 Coupe, E550 Coupe, E350 Cabriolet, E550 Cabriolet, E350 4MATIC Wagon, S400 Hybrid Sedan, S550 Sedan, S600 Sedan, CL550 Coupe, and CL600 Coupe; the 2010 Mercedes-Benz E350 Sedan, E550 Sedan, E350 Coupe, E550 Coupe, S400 Sedan, S400 Hybrid Sedan, S550 Sedan, S600 Sedan, CL550 Coupe, and CL600 Coupe; the 2009 Mercedes-Benz S550 Sedan, S550 4MATIC Sedan, CL550 Coupe, and CL600 Coupe; the 2008 Mercedes-Benz S550 4MATIC Sedan, S550 Sedan, S600 Sedan, CL550 Coupe, and CL600 Coupe; and the 2007 Mercedes-Benz S550 4MATIC Sedan, S600 Sedan, CL550 Coupe, and CL600 Coupe), which infringe at least claims 1-3 and 7-9 of the '352 patent. Mercedes-Benz is thus liable for infringement of the '352 patent pursuant to 35 U.S.C. § 271(a).

66.     On information and belief, Mercedes-Benz has had knowledge of the '352 patent since at least the date it was served with the Original Complaint in *Stragent LLC v. Audi AG*, No. 6:10-CV-227 (E.D. Tex. April 29, 2010).

67.     On information and belief, at least since service of the Original Complaint in *Stragent LLC v. Audi AG*, No. 6:10-CV-227 (E.D. Tex. April 29, 2010), Defendant Mercedes-Benz has been and now is actively inducing infringement of the '352 patent in the State of Texas, in this judicial district, and elsewhere in the United States.  Mercedes-Benz's inducements include, without limitation and with specific intent to encourage the infringement, knowingly inducing vehicle purchasers and/or drivers to use adaptive cruise control systems that will bring a

vehicle to a complete stop or vary the speed of a vehicle in stop and go traffic, including the Distronic Plus adaptive cruise control system (as implemented in at least the 2011 Mercedes-Benz E350 Sedan, E350 BlueTEC Sedan, E550 Sedan, E350 Coupe, E550 Coupe, E350 Cabriolet, E550 Cabriolet, E350 4MATIC Wagon, S400 Hybrid Sedan, S550 Sedan, S600 Sedan, CL550 Coupe, and CL600 Coupe; the 2010 Mercedes-Benz E350 Sedan, E550 Sedan, E350 Coupe, E550 Coupe, S400 Sedan, S400 Hybrid Sedan, S550 Sedan, S600 Sedan, CL550 Coupe, and CL600 Coupe; the 2009 Mercedes-Benz S550 Sedan, S550 4MATIC Sedan, CL550 Coupe, and CL600 Coupe; the 2008 Mercedes-Benz S550 4MATIC Sedan, S550 Sedan, S600 Sedan, CL550 Coupe, and CL600 Coupe; and the 2007 Mercedes-Benz S550 4MATIC Sedan, S600 Sedan, CL550 Coupe, and CL600 Coupe), which use of such systems Mercedes-Benz knows infringes at least claims 1-3 of the '352 patent. Mercedes-Benz is thus liable for infringement of the '352 patent pursuant to 35 U.S.C. § 271(b).

68.     On information and belief, at least since service of the Original Complaint in *Stragent LLC v. Audi AG*, No. 6:10-CV-227 (E.D. Tex. April 29, 2010), Defendant Mercedes-Benz has been and now is contributing to infringement of the '352 patent in the State of Texas, in this judicial district, and elsewhere in the United States. Mercedes-Benz's contributions include, without limitation, offering to sell and/or selling within the Unites States, and/or importing into the United States, one or more materials or apparatuses forming adaptive cruise control systems that will bring a vehicle to a complete stop or vary the speed of a vehicle in stop and go traffic, including the Distronic Plus adaptive cruise control system (as implemented in at least the 2011 Mercedes-Benz E350 Sedan, E350 BlueTEC Sedan, E550 Sedan, E350 Coupe, E550 Coupe, E350 Cabriolet, E550 Cabriolet, E350 4MATIC Wagon, S400 Hybrid Sedan, S550 Sedan, S600 Sedan, CL550 Coupe, and CL600 Coupe; the 2010 Mercedes-Benz E350 Sedan,

E550 Sedan, E350 Coupe, E550 Coupe, S400 Sedan, S400 Hybrid Sedan, S550 Sedan, S600 Sedan, CL550 Coupe, and CL600 Coupe; the 2009 Mercedes-Benz S550 Sedan, S550 4MATIC Sedan, CL550 Coupe, and CL600 Coupe; the 2008 Mercedes-Benz S550 4MATIC Sedan, S550 Sedan, S600 Sedan, CL550 Coupe, and CL600 Coupe; and the 2007 Mercedes-Benz S550 4MATIC Sedan, S600 Sedan, CL550 Coupe, and CL600 Coupe), for use in practicing the invention recited in a least claims 1-3 of the '352 patent, each of which materials and apparatuses constitutes a material part of the invention, knowing such materials and apparatuses to be especially made or especially adapted for use in an infringement of the '352 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.  Mercedes-Benz is thus liable for infringement of the '352 patent pursuant to 35 U.S.C. § 271(c).

69.     On information and belief, at least since service of the Original Complaint in *Stragent LLC v. Audi AG*, No. 6:10-CV-227 (E.D. Tex. April 29, 2010), Mercedes-Benz's infringement of at least claims 1-3 and 7-9 of the '352 patent is and has been willful and deliberate, making this an exceptional case and entitling Plaintiffs to enhanced damages, reasonable attorney fees and costs.

70.     On information and belief, Defendant Nissan has been and now is directly infringing the '352 patent in the State of Texas, in this judicial district, and elsewhere in the United States. Nissan's direct infringements include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, vehicles that include adaptive cruise control systems that will bring a vehicle to a complete stop or vary the speed of a vehicle in stop and go traffic, including the Intelligent Cruise Control system and the Distance Control Assist system (as implemented or offered in at least the 2009 to 2010 Infinity FX35 / FX50, the 2011 Infinity FX, the 2009 to 2011 Infinity EX35, the 2011 to 2012

Infinity M (including M37 / M56), and the 2011 Infinity QX), which infringe at least claims 1-3 and 7-9 of the '352 patent.  Nissan is thus liable for infringement of the '352 patent pursuant to 35 U.S.C. § 271(a).

71.     On information and belief, Nissan has had knowledge of the '352 patent since at least the date it was served with the Original Complaint in *Stragent LLC v. Audi AG*, No. 6:10-CV-227 (E.D. Tex. April 29, 2010).

72.     On information and belief, at least since service of the Original Complaint in *Stragent LLC v. Audi AG*, No. 6:10-CV-227 (E.D. Tex. April 29, 2010), Defendant Nissan has been and now is actively inducing infringement of the '352 patent in the State of Texas, in this judicial district, and elsewhere in the United States.  Nissan's inducements include, without limitation and with specific intent to encourage the infringement, knowingly inducing vehicle purchasers and/or drivers to use adaptive cruise control systems that will bring a vehicle to a complete stop or vary the speed of a vehicle in stop and go traffic, including the Intelligent Cruise Control system and the Distance Control Assist system (as implemented in at least the 2009 to 2010 Infinity FX35 / FX50, the 2011 Infinity FX, the 2009 to 2011 Infinity EX35, the 2011 to 2012 Infinity M (including M37 / M56), and the 2011 Infinity QX), which use of such systems Nissan knows infringes at least claims 1-3 of the '352 patent.  Nissan is thus liable for infringement of the '352 patent pursuant to 35 U.S.C. § 271(b).

73.     On information and belief, at least since service of the Original Complaint in *Stragent LLC v. Audi AG*, No. 6:10-CV-227 (E.D. Tex. April 29, 2010), Defendant Nissan has been and now is contributing to infringement of the '352 patent in the State of Texas, in this judicial district, and elsewhere in the United States.  Nissan's contributions include, without limitation, offering to sell and/or selling within the Unites States, and/or importing into the

United States, one or more materials or apparatuses forming adaptive cruise control systems that will bring a vehicle to a complete stop or vary the speed of a vehicle in stop and go traffic, including the Intelligent Cruise Control system and the Distance Control Assist system (as implemented in at least the 2009 to 2010 Infinity FX35 / FX50, the 2011 Infinity FX, the 2009 to 2011 Infinity EX35, the 2011 to 2012 Infinity M (including M37 / M56), and the 2011 Infinity QX), for use in practicing the invention recited in a least claims 1-3 of the '352 patent, each of which materials and apparatuses constitutes a material part of the invention, knowing such materials and apparatuses to be especially made or especially adapted for use in an infringement of the '352 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.  Nissan is thus liable for infringement of the '352 patent pursuant to 35 U.S.C. § 271(c).

74.     On information and belief, at least since service of the Original Complaint in *Stragent LLC v. Audi AG*, No. 6:10-CV-227 (E.D. Tex. April 29, 2010), Nissan's infringement of at least claims 1-3 and 7-9 of the '352 patent is and has been willful and deliberate, making this an exceptional case and entitling Plaintiffs to enhanced damages, reasonable attorney fees and costs.

75.     As a result of Defendants' infringement of the '352 patent, Plaintiffs have suffered monetary damages that are adequate to compensate them for the infringement under 35 U.S.C. § 284, but in no event less than a reasonable royalty.

## COUNT III
## INFRINGEMENT OF U.S. PATENT NO. 6,604,043

76.     On information and belief, Defendants VW and Audi AG have been and now are directly infringing the '043 patent in the State of Texas, in this judicial district, and elsewhere in the United States. VW and Audi AG's direct infringements include, without limitation, making,

26

using, offering for sale, and/or selling within the United States, and/or importing into the United States, vehicles that include adaptive cruise control systems that will bring a vehicle to a complete stop or vary the speed of a vehicle in stop and go traffic, including the Adaptive Cruise Control with Stop & Go system (as implemented or offered in at least the 2012 Audi A6, the 2011 to 2012 Audi A7, and the 2009 to 2011 Audi Q7), which infringe at least claims 1-2 and 6-7 of the '043 patent.  VW and Audi AG are thus liable for infringement of the '043 patent pursuant to 35 U.S.C. § 271(a).

77.    On information and belief, VW and Audi AG have had knowledge of the '043 patent since at least the date each was served with the Original Complaint in *Stragent LLC v. Audi AG*, No. 6:10-CV-227 (E.D. Tex. April 29, 2010).

78.    On information and belief, at least since service of the Original Complaint in *Stragent LLC v. Audi AG*, No. 6:10-CV-227 (E.D. Tex. April 29, 2010), Defendants VW and Audi AG have been and now are actively inducing infringement of the '043 patent in the State of Texas, in this judicial district, and elsewhere in the United States.  VW and Audi AG's inducements include, without limitation and with specific intent to encourage the infringement, knowingly inducing vehicle purchasers and/or drivers to use adaptive cruise control systems that will bring a vehicle to a complete stop or vary the speed of a vehicle in stop and go traffic, including the Adaptive Cruise Control with Stop & Go system (as implemented in at least the 2012 Audi A6, the 2011 to 2012 Audi A7, and the 2009 to 2011 Audi Q7), which use of such systems VW and Audi AG know infringes at least claims 1-2 of the '043 patent.  VW and Audi AG are thus liable for infringement of the '043 patent pursuant to 35 U.S.C. § 271(b).

79.    On information and belief, at least since service of the Original Complaint in *Stragent LLC v. Audi AG*, No. 6:10-CV-227 (E.D. Tex. April 29, 2010), Defendants VW and

Audi AG have been and now are contributing to infringement of the '043 patent in the State of Texas, in this judicial district, and elsewhere in the United States.  VW and Audi AG's contributions include, without limitation, offering to sell and/or selling within the Unites States, and/or importing into the United States, one or more materials or apparatuses forming adaptive cruise control systems that will bring a vehicle to a complete stop or vary the speed of a vehicle in stop and go traffic, including the Adaptive Cruise Control with Stop & Go system (as implemented or offered in at least the 2012 Audi A6, the 2011 to 2012 Audi A7, and the 2009 to 2011 Audi Q7), for use in practicing the invention recited in a least claims 1-2 of the '043 patent, each of which materials and apparatuses constitutes a material part of the invention, knowing such materials and apparatuses to be especially made or especially adapted for use in an infringement of the '043 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.  VW and Audi AG are thus liable for infringement of the '043 patent pursuant to 35 U.S.C. § 271(c).

80.     On information and belief, at least since service of the Original Complaint in *Stragent LLC v. Audi AG*, No. 6:10-CV-227 (E.D. Tex. April 29, 2010), VW and Audi AG's infringement of at least claims 1-2 and 6-7 of the '043 patent is and has been willful and deliberate, making this an exceptional case and entitling Plaintiffs to enhanced damages, reasonable attorney fees and costs.

81.     On information and belief, Defendant VW has been and now is further directly infringing the '043 patent in the State of Texas, in this judicial district, and elsewhere in the United States. VW's further direct infringements include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, vehicles that include adaptive cruise control systems that will bring a vehicle to a complete stop

or vary the speed of a vehicle in stop and go traffic (as implemented or offered in at least the 2009 VW Passat CC and the 2008 to 2009 VW Touareg), which infringe at least claims 1-2 and 6-7 of the '043 patent.  VW is thus liable for infringement of the '043 patent pursuant to 35 U.S.C. § 271(a).

82.   On information and belief, VW has had knowledge of the '043 patent since at least the date it was served with the Original Complaint in *Stragent LLC v. Audi AG*, No. 6:10-CV-227 (E.D. Tex. April 29, 2010).

83.   On information and belief, at least since service of the Original Complaint in *Stragent LLC v. Audi AG*, No. 6:10-CV-227 (E.D. Tex. April 29, 2010), Defendant VW has been and now is actively inducing infringement of the '043 patent in the State of Texas, in this judicial district, and elsewhere in the United States.  VW's inducements include, without limitation and with specific intent to encourage the infringement, knowingly inducing vehicle purchasers and/or drivers to use adaptive cruise control systems that will bring a vehicle to a complete stop or vary the speed of a vehicle in stop and go traffic (as implemented in at least the 2009 VW Passat CC and the 2008 to 2009 VW Touareg), which use of such systems VW and Audi AG know infringes at least claims 1-2 of the '043 patent.  VW is thus liable for infringement of the '043 patent pursuant to 35 U.S.C. § 271(b).

84.   On information and belief, at least since service of the Original Complaint in *Stragent LLC v. Audi AG*, No. 6:10-CV-227 (E.D. Tex. April 29, 2010), Defendant VW has been and now is contributing to infringement of the '043 patent in the State of Texas, in this judicial district, and elsewhere in the United States.  VW's contributions include, without limitation, offering to sell and/or selling within the Unites States, and/or importing into the United States, one or more materials or apparatuses forming adaptive cruise control systems that will bring a

vehicle to a complete stop or vary the speed of a vehicle in stop and go traffic (as implemented in at least the 2009 VW Passat CC and the 2008 to 2009 VW Touareg), for use in practicing the invention recited in a least claims 1-2 of the '043 patent, each of which materials and apparatuses constitutes a material part of the invention, knowing such materials and apparatuses to be especially made or especially adapted for use in an infringement of the '043 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.  VW is thus liable for infringement of the '043 patent pursuant to 35 U.S.C. § 271(c).

85.     On information and belief, at least since service of the Original Complaint in *Stragent LLC v. Audi AG*, No. 6:10-CV-227 (E.D. Tex. April 29, 2010), VW's infringement of at least claims 1-2 and 6-7 of the '043 patent is and has been willful and deliberate, making this an exceptional case and entitling Plaintiffs to enhanced damages, reasonable attorney fees and costs.

86.     On information and belief, Defendant BMW has been and now is directly infringing the '043 patent in the State of Texas, in this judicial district, and elsewhere in the United States.  BMW's direct infringements include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, vehicles that include adaptive cruise control systems that will bring a vehicle to a complete stop or vary the speed of a vehicle in stop and go traffic, including the Adaptive Cruise Control with Stop & Go function (as implemented or offered in at least the 2011 BMW 5 Series Sedan, 5 Series Touring, 6 Series Coupe, 6 Series Convertible, and 7 Series Sedan; the 2010 BMW 7 Series Sedan and 5 Series Gran Turismo; and the 2009 BMW 7 Series Sedan), which infringe at least claims 1-2 and 6-7 of the '043 patent.  BMW is thus liable for infringement of the '043 patent pursuant to 35 U.S.C. § 271(a).

87.     On information and belief, BMW has had knowledge of the '043 patent since at least the date it was served with the Original Complaint in *Stragent LLC v. Audi AG*, No. 6:10-CV-227 (E.D. Tex. April 29, 2010).

88.     On information and belief, at least since service of the Original Complaint in *Stragent LLC v. Audi AG*, No. 6:10-CV-227 (E.D. Tex. April 29, 2010), Defendant BMW has been and now is actively inducing infringement of the '043 patent in the State of Texas, in this judicial district, and elsewhere in the United States.  BMW's inducements include, without limitation and with specific intent to encourage the infringement, knowingly inducing vehicle purchasers and/or drivers to use adaptive cruise control systems that will bring a vehicle to a complete stop or vary the speed of a vehicle in stop and go traffic, including the Adaptive Cruise Control with Stop & Go function (as implemented in at least the 2011 BMW 5 Series Sedan, 5 Series Touring, 6 Series Coupe, 6 Series Convertible, and 7 Series Sedan; the 2010 BMW 7 Series Sedan and 5 Series Gran Turismo; and the 2009 BMW 7 Series Sedan), which use of such systems BMW knows infringes at least claims 1-2 of the '043 patent.  BMW is thus liable for infringement of the '043 patent pursuant to 35 U.S.C. § 271(b).

89.     On information and belief, at least since service of the Original Complaint in *Stragent LLC v. Audi AG*, No. 6:10-CV-227 (E.D. Tex. April 29, 2010), Defendant BMW has been and now is contributing to infringement of the '043 patent in the State of Texas, in this judicial district, and elsewhere in the United States.  BMW's contributions include, without limitation, offering to sell and/or selling within the Unites States, and/or importing into the United States, one or more materials or apparatuses forming adaptive cruise control systems that will bring a vehicle to a complete stop or vary the speed of a vehicle in stop and go traffic, including the Adaptive Cruise Control with Stop & Go function (as implemented or offered in at

least the 2011 BMW 5 Series Sedan, 5 Series Touring, 6 Series Coupe, 6 Series Convertible, and 7 Series Sedan; the 2010 BMW 7 Series Sedan and 5 Series Gran Turismo; and the 2009 BMW 7 Series Sedan), for use in practicing the invention recited in a least claims 1-2 of the '043 patent, each of which materials and apparatuses constitutes a material part of the invention, knowing such materials and apparatuses to be especially made or especially adapted for use in an infringement of the '043 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.  BMW is thus liable for infringement of the '043 patent pursuant to 35 U.S.C. § 271(c).

90.     On information and belief, at least since service of the Original Complaint in *Stragent LLC v. Audi AG*, No. 6:10-CV-227 (E.D. Tex. April 29, 2010), BMW's infringement of at least claims 1-2 and 6-7 of the '043 patent is and has been willful and deliberate, making this an exceptional case and entitling Plaintiffs to enhanced damages, reasonable attorney fees and costs.

91.     On information and belief, Defendant Mercedes-Benz has been and now is directly infringing the '043 patent in the State of Texas, in this judicial district, and elsewhere in the United States. Mercedes-Benz's direct infringements include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, vehicles that include adaptive cruise control systems that will bring a vehicle to a complete stop or vary the speed of a vehicle in stop and go traffic, including the Distronic Plus adaptive cruise control system (as implemented or offered in at least the 2011 Mercedes-Benz E350 Sedan, E350 BlueTEC Sedan, E550 Sedan, E350 Coupe, E550 Coupe, E350 Cabriolet, E550 Cabriolet, E350 4MATIC Wagon, S400 Hybrid Sedan, S550 Sedan, S600 Sedan, CL550 Coupe, and CL600 Coupe; the 2010 Mercedes-Benz E350 Sedan, E550 Sedan, E350 Coupe,

E550 Coupe, S400 Sedan, S400 Hybrid Sedan, S550 Sedan, S600 Sedan, CL550 Coupe, and CL600 Coupe; the 2009 Mercedes-Benz S550 Sedan, S550 4MATIC Sedan, CL550 Coupe, and CL600 Coupe; the 2008 Mercedes-Benz S550 4MATIC Sedan, S550 Sedan, S600 Sedan, CL550 Coupe, and CL600 Coupe; and the 2007 Mercedes-Benz S550 4MATIC Sedan, S600 Sedan, CL550 Coupe, and CL600 Coupe), which infringe at least claims 1-2 and 6-7 of the '043 patent. Mercedes-Benz is thus liable for infringement of the '043 patent pursuant to 35 U.S.C. § 271(a).

92.     On information and belief, Mercedes-Benz has had knowledge of the '043 patent since at least the date it was served with the Original Complaint in *Stragent LLC v. Audi AG*, No. 6:10-CV-227 (E.D. Tex. April 29, 2010).

93.     On information and belief, at least since service of the Original Complaint in *Stragent LLC v. Audi AG*, No. 6:10-CV-227 (E.D. Tex. April 29, 2010), Defendant Mercedes-Benz has been and now is actively inducing infringement of the '043 patent in the State of Texas, in this judicial district, and elsewhere in the United States.   Mercedes-Benz's inducements include, without limitation and with specific intent to encourage the infringement, knowingly inducing vehicle purchasers and/or drivers to use adaptive cruise control systems that will bring a vehicle to a complete stop or vary the speed of a vehicle in stop and go traffic, including the Distronic Plus adaptive cruise control system (as implemented in at least the 2011 Mercedes-Benz E350 Sedan, E350 BlueTEC Sedan, E550 Sedan, E350 Coupe, E550 Coupe, E350 Cabriolet, E550 Cabriolet, E350 4MATIC Wagon, S400 Hybrid Sedan, S550 Sedan, S600 Sedan, CL550 Coupe, and CL600 Coupe; the 2010 Mercedes-Benz E350 Sedan, E550 Sedan, E350 Coupe, E550 Coupe, S400 Sedan, S400 Hybrid Sedan, S550 Sedan, S600 Sedan, CL550 Coupe, and CL600 Coupe; the 2009 Mercedes-Benz S550 Sedan, S550 4MATIC Sedan, CL550 Coupe, and CL600 Coupe; the 2008 Mercedes-Benz S550 4MATIC Sedan, S550 Sedan, S600

Sedan, CL550 Coupe, and CL600 Coupe; and the 2007 Mercedes-Benz S550 4MATIC Sedan, S600 Sedan, CL550 Coupe, and CL600 Coupe), which use of such systems Mercedes-Benz knows infringes at least claims 1-2 of the '043 patent.  Mercedes-Benz is thus liable for infringement of the '043 patent pursuant to 35 U.S.C. § 271(b).

94.     On information and belief, at least since service of the Original Complaint in *Stragent LLC v. Audi AG*, No. 6:10-CV-227 (E.D. Tex. April 29, 2010), Defendant Mercedes-Benz has been and now is contributing to infringement of the '043 patent in the State of Texas, in this judicial district, and elsewhere in the United States.  Mercedes-Benz's contributions include, without limitation, offering to sell and/or selling within the Unites States, and/or importing into the United States, one or more materials or apparatuses forming adaptive cruise control systems that will bring a vehicle to a complete stop or vary the speed of a vehicle in stop and go traffic, including the Distronic Plus adaptive cruise control system (as implemented in at least the 2011 Mercedes-Benz E350 Sedan, E350 BlueTEC Sedan, E550 Sedan, E350 Coupe, E550 Coupe, E350 Cabriolet, E550 Cabriolet, E350 4MATIC Wagon, S400 Hybrid Sedan, S550 Sedan, S600 Sedan, CL550 Coupe, and CL600 Coupe; the 2010 Mercedes-Benz E350 Sedan, E550 Sedan, E350 Coupe, E550 Coupe, S400 Sedan, S400 Hybrid Sedan, S550 Sedan, S600 Sedan, CL550 Coupe, and CL600 Coupe; the 2009 Mercedes-Benz S550 Sedan, S550 4MATIC Sedan, CL550 Coupe, and CL600 Coupe; the 2008 Mercedes-Benz S550 4MATIC Sedan, S550 Sedan, S600 Sedan, CL550 Coupe, and CL600 Coupe; and the 2007 Mercedes-Benz S550 4MATIC Sedan, S600 Sedan, CL550 Coupe, and CL600 Coupe), for use in practicing the invention recited in a least claims 1-2 of the '043 patent, each of which materials and apparatuses constitutes a material part of the invention, knowing such materials and apparatuses to be especially made or especially adapted for use in an infringement of the '043 patent, and not a

staple article or commodity of commerce suitable for substantial noninfringing use.  Mercedes-Benz is thus liable for infringement of the '043 patent pursuant to 35 U.S.C. § 271(c).

95.     On information and belief, at least since service of the Original Complaint in *Stragent LLC v. Audi AG*, No. 6:10-CV-227 (E.D. Tex. April 29, 2010), Mercedes-Benz's infringement of at least claims 1-2 and 6-7 of the '043 patent is and has been willful and deliberate, making this an exceptional case and entitling Plaintiffs to enhanced damages, reasonable attorney fees and costs.

96.     On information and belief, Defendant Nissan has been and now is directly infringing the '043 patent in the State of Texas, in this judicial district, and elsewhere in the United States.  Nissan's direct infringements include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, vehicles that include adaptive cruise control systems that will bring a vehicle to a complete stop or vary the speed of a vehicle in stop and go traffic, including the Intelligent Cruise Control system  and the Distance Control Assist system (as implemented or offered in at least the 2009 to 2010 Infinity FX35 / FX50, the 2011 Infinity FX, the 2009 to 2011 Infinity EX35, the 2011 to 2012 Infinity M (including M37 / M56), and the 2011 Infinity QX), which infringe at least claims 1-2 and 6-7 of the '043 patent.  Nissan is thus liable for infringement of the '043 patent pursuant to 35 U.S.C. § 271(a).

97.     On information and belief, Nissan has had knowledge of the '043 patent since at least the date it was served with the Original Complaint in *Stragent LLC v. Audi AG*, No. 6:10-CV-227 (E.D. Tex. April 29, 2010).

98.     On information and belief, at least since service of the Original Complaint in *Stragent LLC v. Audi AG*, No. 6:10-CV-227 (E.D. Tex. April 29, 2010), Defendant Nissan has

been and now is actively inducing infringement of the '043 patent in the State of Texas, in this judicial district, and elsewhere in the United States.  Nissan's inducements include, without limitation and with specific intent to encourage the infringement, knowingly inducing vehicle purchasers and/or drivers to use adaptive cruise control systems that will bring a vehicle to a complete stop or vary the speed of a vehicle in stop and go traffic, including the Intelligent Cruise Control system and the Distance Control Assist system (as implemented in at least the 2009 to 2010 Infinity FX35 / FX50, the 2011 Infinity FX, the 2009 to 2011 Infinity EX35, the 2011 to 2012 Infinity M (including M37 / M56), and the 2011 Infinity QX), which use of such systems Nissan knows infringes at least claims 1-2 of the '043 patent.  Nissan is thus liable for infringement of the '043 patent pursuant to 35 U.S.C. § 271(b).

99.   On information and belief, at least since service of the Original Complaint in *Stragent LLC v. Audi AG*, No. 6:10-CV-227 (E.D. Tex. April 29, 2010), Defendant Nissan has been and now is contributing to infringement of the '043 patent in the State of Texas, in this judicial district, and elsewhere in the United States.  Nissan's contributions include, without limitation, offering to sell and/or selling within the Unites States, and/or importing into the United States, one or more materials or apparatuses forming adaptive cruise control systems that will bring a vehicle to a complete stop or vary the speed of a vehicle in stop and go traffic, including the Intelligent Cruise Control system and the Distance Control Assist system (as implemented in at least the 2009 to 2010 Infinity FX35 / FX50, the 2011 Infinity FX, the 2009 to 2011 Infinity EX35, the 2011 to 2012 Infinity M (including M37 / M56), and the 2011 Infinity QX), for use in practicing the invention recited in a least claims 1-2 of the '043 patent, each of which materials and apparatuses constitutes a material part of the invention, knowing such materials and apparatuses to be especially made or especially adapted for use in an infringement

of the '043 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.  Nissan is thus liable for infringement of the '043 patent pursuant to 35 U.S.C. § 271(c).

100.    On information and belief, at least since service of the Original Complaint in *Stragent LLC v. Audi AG*, No. 6:10-CV-227 (E.D. Tex. April 29, 2010), Nissan's infringement of at least claims 1-2 and 6-7 of the '043 patent is and has been willful and deliberate, making this an exceptional case and entitling Plaintiffs to enhanced damages, reasonable attorney fees and costs.

101.    As a result of Defendants' infringement of the '043 patent, Plaintiffs have suffered monetary damages that are adequate to compensate them for the infringement under 35 U.S.C. § 284, but in no event less than a reasonable royalty.

## PRAYER FOR RELIEF

WHEREFORE, Stragent and SeeSaw request that this Court enter:

A.    A judgment in favor of Stragent and SeeSaw that Defendants have directly infringed, induced others to infringe, and/or contributed to others' infringement of the '945 patent;

B.    A judgment and order requiring Defendants to pay Stragent and SeeSaw their damages, costs, expenses, prejudgment and post-judgment interest, and post-judgment royalties for Defendants' infringement of the '945 patent as provided under 35 U.S.C. § 284;

C.    A judgment that Defendants have willfully infringed the '945 patent and enhancement of Stragent and SeeSaw's damages by reason of the nature of Defendants' infringement pursuant to 35 U.S.C. § 284;

D.      A judgment in favor of Stragent and SeeSaw that Defendants have directly infringed, induced others to infringe, and/or contributed to others' infringement of the '352 patent;

E.      A judgment and order requiring Defendants to pay Stragent and SeeSaw their damages, costs, expenses, prejudgment and post-judgment interest, and post-judgment royalties for Defendants' infringement of the '352 patent as provided under 35 U.S.C. § 284;

F.      A judgment that Defendants have willfully infringed the '352 patent and enhancement of Stragent and SeeSaw's damages by reason of the nature of Defendants' infringement pursuant to 35 U.S.C. § 284;

G.      A judgment in favor of Stragent and SeeSaw that Defendants have directly infringed, induced others to infringe, and/or contributed to others' infringement of the '043 patent;

H.      A judgment and order requiring Defendants to pay Stragent and SeeSaw their damages, costs, expenses, prejudgment and post-judgment interest, and post-judgment royalties for Defendants' infringement of the '043 patent as provided under 35 U.S.C. § 284;

J.      A judgment that Defendants have willfully infringed the '043 patent and enhancement of Stragent and SeeSaw's damages by reason of the nature of Defendants' infringement pursuant to 35 U.S.C. § 284;

K.      A judgment and order that this case is exceptional under 35 U.S.C. § 285 and requiring Defendants to pay Stragent and SeeSaw their reasonable attorney fees; and

G.      Any and all other relief to which the Court may deem Stragent and SeeSaw entitled.

## DEMAND FOR JURY TRIAL

Stragent and SeeSaw, under Rule 38 of the Federal Rules of Civil Procedure, request a trial by jury of any issues so triable by right.

Respectfully submitted,

Eric M. Albritton
Texas State Bar No. 00790215
ema@emafirm.com
Stephen E. Edwards
Texas State Bar No. 00784008
see@emafirm.com
Debra Coleman
Texas State Bar No. 24059595
drc@emafirm.com
ALBRITTON LAW FIRM
P.O. Box 2649
Longview, Texas 75606
Telephone: (903) 757-8449
Facsimile: (903) 758-7397

Danny L. Williams
Texas State Bar No. 21518050
danny@wmalaw.com
J. Mike Amerson
Texas State Bar No. 01150025
mike@wmalaw.com
Jaison C. John
Texas State Bar No. 24002351
jjohn@wmalaw.com
Christopher N. Cravey
Texas State Bar No. 24034398
ccravey@wmalaw.com
Matthew R. Rodgers
Texas State Bar No. 24041802
mrodgers@wmalaw.com
Michael A. Benefield
Texas State Bar No. 24073408
mbenefield@wmalaw.com

David Morehan
Texas State Bar No. 24065790
dmorehan@wmalaw.com
**WILLIAMS, MORGAN & AMERSON, P.C.**
10333 Richmond, Suite 1100
Houston, Texas 77042
Telephone: (713) 934-7000
Facsimile: (713) 934-7011

*Counsel for Stragent, LLC*
*and SeeSaw Foundation*